**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

| | |
|---|---|
| PATTI MARINE ENTERPRISES, INC.<br>*Plaintiff*<br><br>VERSUS<br><br>R/V ORACLE, bearing MMSI number 368106020, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem,* and RYAN MARINE, INC., *in personam*<br>*Rule B Defendant* | CIVIL ACTION NO. _________<br><br>**IN ADMIRALTY**,<br>F.R.C.P. 9(h), RULE B, AND RULE C |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, Patti Marine Enterprises, Inc. ("Patti Marine"), who, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"), brings this action against the R/V ORACLE, her engines, tackle, furniture, apparel, appurtenances, etc. (collectively "ORACLE"), *in rem*, and Ryan Marine, Inc., *in personam*, stating an admiralty and maritime claim in tort. In support of this Verified Complaint, Patti Marine alleges as follows:

## THE PARTIES

1.

Plaintiff, Patti Marine, is a private limited company organized under the laws of Florida with its principal place of business in Pensacola, Florida. Patti Marine operates primarily as a shipyard. Patti Marine owns and operates a shipyard facility in Pensacola, Florida which constructs new vessels and repairs or refits existing vessels.

2.

*In rem* Defendant Vessel ORACLE is an ocean-going research vessel, United States flagged, MMSI number 368106020, 88 feet in length, 24 feet in beam, 8 feet in draft, Year built: 1986. Upon information and belief, the ORACLE is currently or will be during the pendency of this action located in the navigable waters of Florida at the Port of Panama City, and within the jurisdiction of this Court.

3.

*In personam* Defendant Ryan Marine, Inc. (“Ryan Marine”) is a coastal research company that owns and operates a fleet of offshore research vessels and is on information and belief incorporated under the laws of Massachusetts with a principal place of business in Massachusetts. Ryan Marine is the registered owner of the ORACLE.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1) because this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rules B and C of the Supplemental Admiralty Rules.

5.

This Court has *in personam* jurisdiction over Ryan Marine pursuant to Rule B of the Supplemental Admiralty Rules on the grounds that Ryan Marine cannot be found within this District and this Court can attach its vessel, the ORACLE.

6.

Venue is proper in this district because the ORACLE is now or will, during the pendency of this lawsuit be, upon the navigable waters of Florida and within the jurisdiction of this Honorable Court, as required by 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7.

In September 2025, Ryan Marine entered into a contract with Patti Marine to modify and repair the ORACLE on a time-and-materials basis at Patti Marine's shipyard in Pensacola, Florida.

8.

From approximately December 2025 through approximately June 2026, Patti Marine provided the ORACLE with various necessary repairs, services, materials, dockage, supplies, etc. at its shipyard pursuant to the Contract. These repairs, services, materials, dockage, supplies, etc. were approved by Ryan Marine for the benefit of the ORACLE in the accomplishment of its mission as an offshore research vessel.

9.

In accordance with the contract, Patti Marine submitted various invoices to Ryan Marine related to the work performed on the ORACLE. As of September 30, 2026, a total balance of $296,213.58 remained unpaid by Ryan Marine, consisting of the principal outstanding balance under Patti Marine's invoices of $236,026, plus service charges owed on the unpaid balance under the terms of the parties' contract of approximately $60,186 through September 2026. The full sum $296,213.58 remains done with interest, and the amount owed continues to grow with the passing of time.

10.

Patti Marine has a valid lien against the ORACLE in rem in the amount of at least $296,213.58.

11.

Patti Marine and Ryan Marine had a valid repair agreement to provide the necessary repairs, services, materials, dockage, supplies, etc. to the ORACLE at Patti Marine's shipyard in Pensacola, Florida.

12.

As of the time of this filing, the total amount of Patti Marine's maritime lien for necessaries on the ORACLE in rem is $296,213.58, plus interest, mounting service charges under the contractual terms and *custodia legis* expenses.

13.

In total, RyanMarine owes Patti Marine, as of this filing, a total amount due of approximately $296,213.58 exclusive of costs, *custodia legis*, interests, and attorney fees.

14.

The ORACLE is located or will be located within the jurisdiction of this Court, according to publicly available AIS vessel tracking data, indicating that the vessel is currently scheduled to call upon the Port of Panama City. As such, Patti Marine brings this action *in personam* under Rule B against Ryan Marine (as owners of the ORACLE) and *in rem* under Rule C against the ORACLE for all of the damages it caused.

## COUNT I – MARITIME LIEN FOR NECESSARIES AND RULE C ARREST

15.

Patti Marine re-alleges and re-avers each of the allegations contained in Paragraphs 1 through 14, as if set forth herein *in extenso*.

16.

Pursuant to the Federal Maritime Lien Act, 46 U.S.C. §§ 31301-31343, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner – (1) has a maritime lien on the vessel; (2) may bring a civil action *in rem* to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel.

17.

Patti Marine provided repairs, materials, dockage, supplies, and services to the ORACLE, i.e. "necessaries," on the order of the owner, operator, owner *pro hac vice*, or from one acting with and under the authority of the owner, which services and supplies constitute necessaries under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31342 as defined in 46 U.S.C. § 31301 and has therefore automatically obtained a maritime lien against the ORACLE for the value of the necessaries supplied.

18.

Patti Marine is the holder of a maritime lien against the ORACLE, and is legally entitled to seize said vessel pursuant to its rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter.

19.

Patti Marine has the right to enforce its maritime lien against the ORACLE to recover for the non-payment for necessaries, damages sustained, and for all other such legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

20.

Rule C of the Supplemental Admiralty Rules allows Patti Marine to proceed *in rem* to enforce a maritime lien. Patti Marine is entitled pursuant to Rule C to arrest the ORACLE *in rem* and to have the ORACLE sold to satisfy any judgment which might be rendered in this matter.

21.

Accordingly, Patti Marine seeks to enforce its maritime lien against the ORACLE pursuant to Rule C of the Supplemental Admiralty Rules.

22.

A Declaration pursuant to 28 U.S.C. § 1746 by Patti Marine's authorized representative verifying the facts asserted in this Complaint is attached, as required under Local Admiralty Rule A(5), B(2), and C(1).

23.

Patti Marine further requests that all expenses incurred in the safekeeping of the ORACLE be declared to be *custodia legis* expenses, including but not limited to all expenses associated with docking the ORACLE and maintaining the state of the ORACLE following arrest, and that such expenses be paid prior to the release of the ORACLE or distribution of proceeds of the sale.

**COUNT II – RULE B ATTACHMENT**

24.

Patti Marine re-alleges and re-avers each of the allegations contained in Paragraphs 1 through 23, as if set forth herein *in extenso*.

25.

Ryan Marine breached its Contract with Patti Marine and is indebted to Patti Marine for its failure to pay all the aforementioned outstanding amount owed under the invoices. This breach and indebtedness gives rise to an *in personam* claim for breach of contract in favor of Patti Marine for all damages caused by said breach suffered by Patti Marine, including but not limited to all costs incurred to

enforce Patti Marine's maritime lien against the ORACLE. Due to Ryan Marine's breach of its agreement with Patti Marine and as of the date of this filing, Ryan Marine owes Patti Marine the amount of its maritime lien owed by the ORACLE in rem in the amount of $296,213.58 plus *custodia legis* costs, U.S. Marshal fees, interest, accruing service charges under the contract and attorneys' fees.

26.

Alternatively, Patti Marine seeks damages from Ryan Marine in *quantum meruit*. Patti Marine provided goods, services, and repairs to the ORACLE at the request and order of the ORACLE and Ryan Marine or its authorized agents. The ORACLE and Ryan Marine have benefited from the goods, services, and repairs provided by Patti Marine. The ORACLE and Ryan Marine will be unjustly enriched in the based amount of $296,213.58 that owed by the ORACLE *in rem* for Patti Marine's maritime lien for necessaries.

27.

Ryan Marine, on information and belief, cannot be found within the jurisdiction of this Court within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Procedures of the Federal Rules of Civil Procedures, but has property within this District subject to seizure, arrest, and attachment, namely the ORACLE presently located at the Port of Panama City and within this District.

28.

Further, Ryan Marine is a non-resident with no duly appointed agent for service of process within Florida, entitling Patti Marine to a Writ of Attachment pursuant to Rule B, executable against Ryan Marine and all of its property within this District, including the ORACLE.

29.

No security for Patti Marine's claims has been posted by Ryan Marine or anyone acting on its behalf to date.

30.

Patti Marine therefore requests that the Court issue an order for writs of maritime attachment to Ryan Marine, and to hold all such property until further order of this Court.

31.

Further, Patti Marine seeks attachment of the Defendant vessel, the ORACLE, and any other tangible or intangible property of Ryan Marine in this District, pursuant to Rule B for the purpose of obtaining security for its *in personam* claims against Ryan Marine.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Patti Marine Enterprises, Inc., prays:

1. That Patti Marine Enterprises, Inc.'s maritime lien, be declared to be a valid and existing lien upon the R/V ORACLE, her engines, tackle, furniture, apparel, appurtenances, etc., and thereby conveyed and transferred, prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;
2. That the warrant for the arrest of R/V ORACLE, her engines, tackle, furniture, apparel, appurtenances, etc., in rem, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, continue to be effective, and that all persons having or claiming any interest in the vessel be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the R/V ORACLE, her engines, tackle, furniture, apparel, appurtenances, etc., be seized and sold to satisfy the amounts owed to Patti Marine Enterprises, Inc., as set forth herein;
3. That this Honorable Court issue a final judgment against the R/V ORACLE *in rem*, in the full amount due as set forth herein, including *custodia legis* expenses, prejudgment interest, costs, expenses, accrued contractual service charges, and attorneys' fees;

4. That the United States Marshal for this District continue the arrest of the R/V ORACLE and maintain custody over it until such a time as the claimant thereto posts security sufficient in form and amount to secure Patti Marine Enterprises, Inc.'s claim herein;

5. That any property arrested in this proceeding be sold under the direction of this Honorable Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Patti Marine Enterprises, Inc. as set forth herein;

6. That notice of these proceedings be given to the owners or masters of the R/V ORACLE by certified mail, delivered to their last known address on file with the U.S. Coast Guard in accordance with Rule B(2)(a) or (b) of the Supplemental Admiralty Rules and Local Admiralty Rule B(4); and

7. That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction issue against Ryan Marine, Inc., *in personam*, citing it to appear and answer this Verified Complaint;

8. That process issue according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, including Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and

that this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching Ryan Marine, Inc.'s tangible or intangible property in this District, including specifically the R/V ORACLE, and that all persons claiming any interest in same be cited to appear and, pursuant to the Federal Rules of Civil Procedure, answer the matters alleged in this Verified Complaint.

9. That a judgment be entered in favor of Patti Marine Enterprises, Inc. and against Ryan Marine, Inc. *in personam*, together with post judgment interest, costs of suit and attorney's fees; and

10. That this Honorable Court grant Patti Marine Enterprises, Inc. such other and further relief which it may deem just and proper.

Dated: October 13, 2026.

Respectfully submitted,

*/s/ Jacob F. Barnes*

**JACOB F. BARNES**
Florida Bar Number: 1032604
JONES WALKER, LLP
13 Palafox Place, Suite 200
Pensacola, FL 32502
(448) 239-6500
P/E: jacobbarnes@joneswalker.com

***Attorney for Plaintiff, Patti Marine Enterprises, Inc.***